UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

RICHMOND, VIRGINIA

| | | |
|---|---|---|
| ISLAND CREEK COAL COMPANY, | ) | |
| | ) | |
| Petitioner, | ) | Fourth Circuit No.: 14-1060 |
| | ) | |
| v. | ) | |
| | ) | |
| RITA VANCE, survivor of and on behalf of | ) | |
| GERALD T. VANCE, | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIRECTOR, OFFICE OF WORKERS' | ) | |
| COMPENSATION PROGRAMS, UNITED | ) | |
| STATES DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Statutory Respondent. | ) | |
| _____ | ) | |

————————————————————

**ISLAND CREEK COAL COMPANY'S
MOTION TO HOLD CLAIM IN ABEYANCE PENDING RESOLUTION
OF *WEST VIRGINIA CWP FUND v. ARDIS J. GUMP***

————————————————————

Pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 12(d) of

the United States Court of Appeals for the Fourth Circuit, Island Creek Coal

Company, the Petitioner in the above-captioned claim arising under the Black Lung

Benefits Act, 30 U.S.C. §§901 *et seq.* respectfully moves to hold this case in

abeyance pending the outcome of *West Virginia CWP Fund v. Ardis J. Gump*, Fourth Cir. No. 11-2416, argument held on March 19, 2014 before Judges Gregory, Floyd, and Davis, addressing the common legal issue regarding whether the limitations on the methods for rebutting the fifteen-year presumption of total disability due to pneumoconiosis in 30 U.S.C. § 921(c)(4) of the Black Lung Benefits Act ("BLBA"), as amended by the Patient Protection and Affordable Care Act ("ACA"), Pub. L. No. 111-148, § 1556(a) (Mar. 23, 2010), are applicable to responsible operators.

As grounds for this motion, Island Creek Coal Company states as follows:

1.     By amending 30 U.S.C. § 921(c)(4) of the BLBA, § 1556(a) of the ACA reinstated the rebuttable presumption of total disability due to pneumoconiosis where a miner has fifteen years of qualifying coal mine employment and a totally disabling respiratory or pulmonary impairment.

2.     Mr. Vance filed his claim for benefits on January 9, 2009.  ALJ Bergstrom awarded benefits on November 8, 2012, and the Benefits Review Board affirmed that decision on November 25, 2013.

3.     Ms. Vance filed her claim for benefits on March 24, 2010. ALJ Bergstrom awarded benefits on November 8, 2012, and the Benefits Review Board affirmed that decision on November 25, 2013.  This appeal followed.  Briefs are due to be filed April 3, 2014.

2

4.     The issue in this case that is not resolved by a decision from this Court is whether the limitations on the methods for rebutting the fifteen-year presumption of total disability due to pneumoconiosis in 30 U.S.C. § 921(c)(4) of the BLBA, as amended by the ACA, Pub. L. No. 111-148, § 1556(a) (Mar. 23, 2010), are applicable to responsible operators.

5.     The legal argument Petitioner will present is that the BLBA provides that the Secretary may only rebut the fifteen-year presumption by either of two methods: (1) proving that the miner does not or did not have pneumoconiosis; or (2) proving that the miner's respiratory or pulmonary impairment did not arise out of, or in connection with, coal mine employment. *See* 30 U.S.C. § 921(c)(4), as amended.  In *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 34-35 (1976), the Supreme Court of the United States interpreted § 921(c)(4) and held that the two specified methods of rebutting the presumption apply only to the Secretary and not to operators based on the plain language of the statute.  Consequently, the "rule out" standard, which arises from the limitations on rebuttal evidence in § 921(c)(4) (*see Rose v. Clinchfield Coal Co.*, 614 F.2d 936 (4th Cir. 1980)), should not apply in cases filed against responsible operators.  Moreover, 20 C.F.R. § 718.305, the regulation promulgated pursuant to § 921(c)(4), is contrary to the unambiguous

3

statutory language because it applies the limitations for rebutting the fifteen-year presumption to operators as well as the Secretary.

6.    The Local Rules permit a case to be held in abeyance "pending disposition of matters before this Court . . . which may affect the ultimate resolution of an appeal." *See* Local Rule 12(d). This Court has previously held cases in abeyance pending decisions by other appeals of this Court involving related or identical issues. *See, e.g.*, *United States v. Dequasie*, 373 F.3d 509, 516 (4th Cir. 2004); *Triplett v. Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, Local Lodge No. 308*, 801 F.2d 700, 701 n.1 (4th Cir. 1986).

7.    Ms. Vance would not be prejudiced by the granting of this motion, as she is receiving interim benefits pursuant to 20 C.F.R. § 725.522.

8.    In compliance with Local Rule 27(a), counsel for Ms. Vance, Ryan Gilligan, and counsel for the Director, Richard Seid, have been advised of this motion. Mr. Seid and Mr. Gilligan indicated that they do not object to this request to hold this matter in abeyance.

For these reasons, Island Creek Coal Company respectfully moves to hold this case in abeyance pending the outcome of the case that argued addressing the issue of whether the limitations on the methods for rebutting the fifteen-year presumption of total disability due to pneumoconiosis in 30 U.S.C. § 921(c)(4) of the BLBA, as amended by the ACA, Pub. L. No. 111-148, § 1556(a) (Mar. 23, 2010), are applicable to responsible operators.

Respectfully submitted,

**ISLAND CREEK COAL COMPANY,**

By Counsel.

/s/ William S. Mattingly
*Counsel for Island Creek Coal Company*
WV Bar No.:  4699
Jackson Kelly PLLC
P. O. Box 619
Morgantown, WV  26507
(304) 284-4100

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of **ISLAND CREEK COAL COMPANY'S MOTION TO HOLD CLAIM IN ABEYANCE PENDING RESOLUTION OF** *WEST VIRGINIA CWP FUND v. ARDIS J. GUMP*, **FOURTH CIRC. NO. 11-2416,** was served upon the following by electronic filing on this **<u>21st</u>** day of March, 2014.

**<u>ELECTRONIC</u>**:      Patricia S. Connor
U. S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA  23219-3517

Richard A. Seid
U. S. Department of Labor
Office of the Solicitor
Frances Perkins Building
Room N-2117
200 Constitution Avenue, N.W.
Washington, DC  20210
seid-richard@dol.gov
blls-sol@dol.gov

Joseph E. Wolfe
Ryan Gilligan
Wolfe, Williams, Rutherford & Reynolds
Attorneys and Counselors at Law
P. O. Box 625
Norton, VA  24273
rgilligan@wwrrlawfirm.com

*/s/* William S. Mattingly
*Counsel for Island Creek Coal Company*